## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | | |
|---|---|---|
| **MACHIAS SAVINGS BANK,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **F/V "STILL STRUGGLIN" (O.N.** | ) | **1:23-cv-00033-JDL** |
| **912545)** together with her masts, boilers, | ) | |
| cables, engines, machinery, appurtenances, | ) | |
| etc. *in rem,* | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **CHAD R. BURNS,** *in personam,* | ) | |
| | ) | |
| **Defendants.** | ) | |

### ORDER CONFIRMING SALE OF VESSEL

On June 15, 2023, this court granted Plaintiff's Motion for Interlocutory Default Judgment (ECF Nos. 23 (Motion) and 24 (Judgment)) and entered an Order for Sale (ECF No. 25) of the Defendant Vessel F/V STILL STRUGGLIN (O.N. 912545) together with her masts, boilers, cables, engines, machinery, appurtenances, etc. specifically including, without limitation, all fishing licenses ("the Vessel"). As per the Order for Sale, the United States Marshal held a public auction for the Vessel on July 12, 2023, after giving notice of the sale in the *Bangor Daily News* on June 28 and July 5, 2023. Plaintiff was the sole bidder to attend the auction and placed the winning offer, a credit bid, for the Vessel in the amount of $15,000. Plaintiff now moves to confirm the sale (ECF No. 29), which this court orders.

Courts should confirm a fairly conducted sale "unless the sale price is grossly inadequate." *Gowen, Inc. v. F/V Quality One*, No. CIV. 99-371-P-C, 2000 WL 893402, at *4 (D. Me. June 14, 2000), *aff'd* 244 F.3d 64 (1st Cir. 2001). Although "[t]here is no magic formula for determining whether or not an auction bid is grossly inadequate," relevant factors include: (1) the disparity between the highest bid and the appraised or fair market value; (2) the probability that a new sale will yield a substantially better, often as evidenced by a third-party promise known as an "upset bid"; and (3) notice of and attendance at the vessel auction. *Id.* at *4-5. "[G]iven the inherent circumstances of a forced sale, a foreclosure sale is not expected to generate a price equal to or even near the market value of a piece of property." *Id.* at *5 (citing *BFP v. Resolution Tr. Corp.*, 511 U.S. 531, 537-38 (1994)).

In its motion, Plaintiff represents that Defendant Burns paid $50,000 for the Vessel in 2018 and that the Vessel has "deteriorated substantially since 2018 due to deferred maintenance." ECF. No. 29 at 3, ¶ 7. Plaintiff values the Vessel between $25,000 and $30,000 and was willing to bid up to $21,000 at auction. Plaintiff's $15,000 winning bid reflects the minimum bid price set by this Court.

After careful consideration, I find that Plaintiff's bid is not grossly inadequate. First, notice of the sale was published consistent with the Order for Sale. Second, there is no upset bid or any other evidence suggesting that the Vessel would demand a price at a new sale that is substantially higher than Plaintiff's winning bid. Third, despite the absence of an independent appraisal and thin record evidence of fair market value, the disparity between the highest bid and the Vessel's fair market is

likely not "substantial" in view of precedent.  *See Gowen,* 2000 WL 893402, at *5 (confirming vessel sale where fair market value was between two and two-and-a-half times the high bid at auction); *S. New England Prod. Credit Ass'n v. O/S My Marie*, 611 F.Supp. 757, 759-60 (D. Me. 1985) (denying a sale confirmation motion where the vessel's appraised value was "significantly more than twice the amount" of the highest bid at auction).  Granted, the auction was poorly attended, but that factor alone is insufficient to support finding Plaintiff's bid grossly inadequate.

Therefore, it is **ORDERED** and **DECREED** that:

(1) The sale of Defendant F/V STILL STRUGGLIN (O.N. 912545), together with her masts, boilers, cables, engines, machinery, appurtenances, etc. specifically including, without limitation, all fishing licenses, to Machias Savings Bank for $15,000.00 is **CONFIRMED**, and the United States Marshal shall issue a bill of sale for the same to Machias Savings Bank conveying title free and clear of liens, claims, and encumbrances.

(2) Machias Savings Bank is not required to pay funds into the registry of this Court to obtain a bill of sale from the United States Marshal.  Machias Savings Bank's $15,000.00 bid is less than the amount of its interlocutory default judgment, plus accrued interest, and costs including in *custodia legis* costs advanced by it.  To the extent that any amounts are due to the United States Marshal under 28 U.S.C.A § 1921 (West 2023), Machias Savings Bank shall pay said amounts to the United States Marshal directly prior to receiving a bill of sale.

**SO ORDERED.**

**Dated this 28th day of September, 2023.**

/s/ Jon D. Levy
**CHIEF U.S. DISTRICT JUDGE**
